<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                               
                United States Court of Appeals
                    For the First Circuit

No. 98-1949

                  JOSE ANGEL VASQUEZ, ET AL.,

                          Petitioners,

                               v.

            IMMIGRATION AND NATURALIZATION SERVICE,

                          Respondent.

             ON PETITION FOR REVIEW OF AN ORDER OF

                THE BOARD OF IMMIGRATION APPEALS

                             Before

                     Stahl, Circuit Judge,
                               
                Bownes, Senior Circuit Judge,
                               
                  and Lipez, Circuit Judge.
                               
                               
                               
                               
    Robert M. Warren for petitioner.
    Joseph F. Ciolino, with whom Richard M. Evans, Assistant
Director, and Frank W. Hunger, Assistant Attorney General,
Department of Justice were on brief for respondent.

May 24, 1999

                               
                               

 Per Curiam.   Petitioners Jos Angel Vsquez
("Vsquez") and his wife Sarah Elizabeth Vsquez petition for a
review of a final order issued by the Board of Immigration Appeals
("Board") affirming an Immigration Judge's ("IJ") denial of their
application for political asylum and withholding of deportation.
The Board concluded that they had failed to demonstrate a well-
founded fear of persecution on any of the statutorily enumerated
grounds: race, religion, nationality, membership in a particular
social group or political opinion.  See 8 U.S.C.  1101(a)(42)(A);
Civil v. I.N.S., 140 F.3d 52, 55 (1st Cir. 1998). Because the
petitioners failed to meet the less onerous "well-founded fear"
standard for political asylum, the Board concluded that the
petitioners could not meet the more rigorous standard required for
a withholding of deportation.  The Board did allow voluntary
departure, however.  Petitioners now appeal to this Court.  As the
Board's conclusion is supported by substantial evidence, we affirm.
 Vsquez was a taxi driver in El Salvador who had the
misfortune to unwittingly become a witness to the events leading to
the assassination of a lawyer for the Third Brigade Army in El
Salvador.  In October of 1990, Vsquez was hailed by three men
dressed in civilian clothes, who, unbeknownst to him, were members
of the Farabundo Mart National Liberation Front ("FMLN").  The
three men ("the guerrillas") instructed him to make various stops,
picking up and discharging passengers.  Ultimately, Vsquez brought
them to a building called the "Juzgados", where Vsquez heard
machine gun shots.  The guerrillas returned to the taxi and ordered
Vsquez to drive them from the scene.
 Vsquez did not report this incident to the police,
having been threatened with harm by the guerrillas if he did not
maintain silence. The next day, the police brought him in for
questioning, initially believing that Vsquez was an accomplice to
the crime.  He was interrogated for two days, until he assisted the
police by driving them to the house where he dropped off the three
men.  Notwithstanding his cooperation, he was committed to prison
for a year and a half until he was acquitted of the offense.
 Although two of the three guerrillas involved in the
shooting were ultimately convicted of the crime and imprisoned, the
third man remains free. Since he was acquitted, Vsquez claims that
he has been threatened by the third guerrilla on a number of
occasions and that his wife was assaulted by a group of guerrillas
on one occasion.
 On the basis of these facts, petitioners contend that the
Board erred in concluding that Vsquez did not have a well-founded
fear of persecution on the basis of an imputed political opinion.
Specifically, they argue that the guerrillas believed, incorrectly,
that Vsquez cooperated with the police investigation because of
his opposition to their political position.  Their persecution of
him, petitioners argue, stems from their mistaken belief that he
holds a political opinion in opposition to their movement.  The
Board rejected this position, instead concluding that any
"persecution" committed at the hands of the guerrillas was not
related to a political opinion imputed to Vsquez but instead was
the unfortunate result of his witnessing events leading to a high
profile assassination.
 We review the Board's findings directly, mindful that "in
contemplation of law [the findings of the IJ] have become the
[Board's]."  Aguilar-Sols v. I.N.S., 168 F.3d 565, 570 n. 4 (1st
Cir. 1999).   We review a Board decision to deny an application for
asylum deferentially.  We will affirm if the Board's conclusion is
"supported  by reasonable, substantial, and probative evidence on
the record considered as a whole." Civil, 140 F.3d at 54 (quoting
Gebremichael v. I.N.S., 10 F.3d 28, 34 (1st Cir. 1993)).  We will
only reverse where the evidence is so compelling that no reasonable
fact finder could fail to find the requisite fear of persecution.
See I.N.S v. Elas-Zacaras, 502 U.S. 478, 483-84 (1992).
 "As a prerequisite to asylum eligibility, an alien bears
the burden of establishing that he is a refugee." Aguilar-Sols,
168 F.3d at 569.  A refugee is someone who has been persecuted or
has a well-founded fear of persecution on the basis of one of the
five statutorily enumerated grounds.  See Civil, 140 F.3d at 55;
Ravindran v. I.N.S., 976 F.2d 754, 758 (1st Cir. 1992).  The
petitioner must establish "both a genuine subjective fear and an
objectively reasonable fear of persecution on a protected ground."
Civil, 140 F.3d at 55.
 Petitioners are correct that "[a]n imputed political
opinion, whether correctly or incorrectly attributed, may
constitute a reason for political persecution within the meaning of
the Act."  Ravindran, 976 F.2d at 760.  The evidence in the record,
however, does not compel the conclusion that the guerrillas imputed
to Vsquez a pro-government, anti-guerrilla political opinion.  In
fact, the evidence suggests that the guerrillas threatened Vsquez
because he witnessed events leading to a murder.   None of the
alleged acts of discrimination suggest a political motivation.
Although the alleged incidents do reveal an intent to potentially
intimidate and harass, there is no suggestion that the guerrillas'
acts flowed from a belief that Vsquez was acting out of a
political animus against them.  As explained by the IJ, it "may
well be that the [third guerrilla is] interested in silencing the
respondent because he has information that could put this
individual in prison for murder[.]" This conclusion is supported by
reasonable and substantial evidence, see Civil, 140 F.3d at 54, and
we cannot say that the evidence was so compelling that any
reasonable fact finder could only conclude that Vsquez's
persecution was because of an imputed political opinion in
opposition to the FMLN. See Elas-Zacaras, 502 U.S. at 483-84.
 Affirmed.

</body>

</html>